IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) Case No: 16 C 5237 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| Brain Lawrence, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's § 2255 motion [1] is denied. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court must consider whether to grant a certificate of appealability. Based on the foregoing analysis, Defendant has not established that reasonable jurists could debate the correctness of the Court's decision. Accordingly, the Court declines to issue a certificate of appealability. Civil case terminated.

# STATEMENT

On October 22, 2010, "[a]s part of a routine parole compliance check, state parole agents searched convicted felon Brian Lawrence's residence and found cocaine and ammunition." *United States v. Lawrence*, 788 F.3d 234, 237 (7th Cir. 2015). On June 7, 2011, Lawrence was charged with knowingly possessing ammunition that had traveled in interstate commerce after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(2) and 924(e)(1) (Count One), and knowingly possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two), for conduct that occurred on October 22, 2010 in Chicago. Prior to trial, the Court denied his motion in limine to exclude evidence obtained by a drug-detecting dog. After a jury trial, he was found not guilty of Count One and guilty of Count Two. Subsequent to denying his motion for a new trial, the Court sentenced Lawrence to 262 months imprisonment with five years supervised release. The Seventh Circuit affirmed his conviction and sentence on June 2, 2015. *See Lawrence*, 788 F.3d at 247.

**Facts**

In his § 2255 motion, Lawrence alleges the following claims:

> (1) ineffective assistance of trial counsel for failing to challenge the validity or scope of Lawrence's consent to search;
> (2) ineffective assistance of counsel for failing to investigate A.C. Kinnard's statement to the government or call Kinnard at trial;
> (3) ineffective assistance of counsel for failing to offer a rebuttal witness to challenge the dog sniff evidence;
> (4) ineffective assistance of counsel for failing to challenge the chain of custody

of the evidence found in his home;
(5) ineffective assistance of counsel for stipulating to the type and amount of drugs that was found;
(6) ineffective assistance of counsel for failing to argue at sentencing that application of § 4B1.1 of the Sentencing Guidelines was oppressive and draconian;
(7) ineffective assistance of counsel for failing to challenge the term of supervised release as "inappropriate" because the Court did not reference the applicable factors under 18 U.S.C. § 3553;
(8) ineffective assistance of appellate counsel for failing to state on appeal the "particular portion" of the constructive possession instruction he was challenging.

(Pet'r's Mem. Support § 2255 Motion, Dkt. # 3.)

In his reply brief, Lawrence abandons bases (1), (4), (5), (6), and (8), conceding that there was no error with respect to these issues. (Pet'r's Reply, Dkt. # 10, at 9.)

**Analysis**

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution of the United States. *See* 28 U.S.C. § 2255(a). Relief under § 2255 is an extraordinary remedy, because a § 2255 petitioner has already had "an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

A defendant asserting an ineffective assistance of counsel claim must show that counsel's performance was objectively deficient and this lack of competent representation resulted in prejudice. *See United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96 (1993)). To show prejudice, the defendant must demonstrate there is a reasonable probability that but for counsel's mistakes, the result of the proceedings would have been different. *See id.* Regarding the deficient-performance prong, great deference is given to counsel's performance, and the defendant has a heavy burden to overcome the strong presumption of effective performance. *See id.* at 690; *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003) (citation omitted). A defendant must establish specific acts or admissions that fall below professional norms. *Strickland*, 466 U.S. at 690. If one prong is not satisfied, it is unnecessary to reach the merits of the second prong. *Id.* at 697.

Lawrence argues in claim (2) that counsel was ineffective for failing to question or call at trial A.C. Kinnard, an Illinois Department of Corrections ("IDOC") investigator who was interviewed by the government with respect to his involvement in the parolee check and arrest of Lawrence on October 22, 2010. (Pet'r's Mot. Requesting Copy Counsel's Work Schedule, Ex. 1, Gov't's Report of Investigation, Dkt. # 4, ¶ 1). According to the report, Kinnard "stated that he was at the front door of the residence . . . with Agent Hopkins when a female answered the door and let the Agents in . . . to conduct the check." (*Id.* ¶ 2.) The report further states that "[p]rior to entering the residence while Hopkins was talking to the female, Investigator Kinnard observed a black male run up the stairs," and "[a]fter they entered the residence[,] Investigator Kinnard stated he saw Lawrence walk down the stairs to the first floor." (*Id.*)

Lawrence contends that this contradicts the testimony of Agents Hopkins and Hollenbeck, who stated that "they were the first ones who entered the house and observed . . . [Lawrence's] fiancee point to a bedroom on the first floor, where it was presumed [Lawrence] was." (Pet'r's Mem. Support § 2255 Mot., Dkt. # 3, at 8.) Defense counsel attests that he "considered but as a tactical matter decided not to call Investigator Kinnard as a defense witness, because in my judgment, he would not have aided our theory of defense and would in fact have been hurtful because [he] merely corroborated most of what the other government witness observed. . . ." (Clancy Aff., Dkt. # 9-1, ¶ 5.) The Court will not question counsel's strategic conclusion, especially in this instance where counsel's assessment appears accurate. *See United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011) ("So long as an attorney articulates a strategic reason for a decision that was sound at the time it was made, the decision generally 'cannot support a claim of ineffective assistance of counsel.'"). The agents' relevant testimony as to Lawrence's whereabouts was that he "was standing at the top of the stairs and that upon [the agents] seeing [Lawrence] at the top of the stairs, [he] started walking down the stairs toward [the agents]." (*Id*. at 10.) This testimony does not contradict Kinnard's statement that he saw someone run up the stairs and that after he and the agents entered the residence, Lawrence started walking down the stairs. The two versions of events are easily reconcilable, with the jury likely concluding that it was Lawrence who ran up the stairs, even if Kinnard could not definitively testify to that fact.

While Lawrence claims that counsel failed to conduct a reasonable investigation regarding Kinnard's statement to the government, Lawrence does not provide the Court with any specific information of what the investigation would have produced, other than the unavailing "contradiction" just discussed. Lawrence's observation that the government did not call Kinnard as a witness – apparently in an effort to establish that Kinnard's testimony would have been helpful to the defense – is speculative and does not alter the Court's conclusion that Lawrence has failed to show a reasonable probability that but for defense counsel's purported mistake of not interviewing and calling Kinard as a witness, the result of the trial would have been different.

In his reply brief, Lawrence concedes that counsel was not ineffective for failing to move to suppress the evidence found during the October 22, 2010 search of his home, failing to challenge the chain of custody of the evidence, stipulating to the drug quantity, failing to challenge the application of § 4B1.1 of the Sentencing Guidelines, or failing to raise on appeal a challenge to the jury instruction. Therefore, the Court will not address these claims.

It is not clear whether Lawrence continues to claim that counsel was ineffective for failing to offer a rebuttal witness to challenge the dog sniff evidence (claim 1) or that counsel was ineffective for having failed to challenge the term of supervised release as not having been imposed in compliance with 18 U.S.C. § 3553 (claim 7), so in the interest of completeness, the Court addresses these two claims.

Lawrence's contention that counsel was ineffective for failing to file a motion in limine seeking to exclude the dog sniff evidence is unavailing given that counsel filed such a motion (*United States v. Lawrence*, 11 CR 396, Dkt. # 35) on December 1, 2011, which this Court denied in an order dated July 13, 2012. (*Id*., Dkt. # 55.) As already noted, the Seventh Circuit affirmed the denial of the motion to exclude. *See Lawrence*, 788 F.3d at 243 ("The government

presented ample evidence of the training, controlled testing, certification, and reliability of the drug-detecting dog in this case. This was more than sufficient to support the district court's finding that the results of the controlled canine drug-detection test offered probative value to the case and could be considered by a jury as evidence that the currency found in the drawer and in the safe had been in recent contact with drugs.").

Lawrence also argues that counsel was ineffective for failing to hire an expert to rebut the government's dog sniff evidence. He asserts that "had counsel obtained[,] as requested by the petitioner[,] an expert witness[,] counsel would have been able to question[] the validity of the technique on which [the government's expert's] testimony was based, and whether that technique had been attested to and accepted as genuine . . . ." (Pet'r's Mem. Support § 2255 Mot., Dkt. # 3, at 18.) However, as another court in this district has noted:

> Even when the government puts on its own expert witness, a defendant's lawyer has no duty to consult with or call a rebuttal expert. *United States v. Anderson*, 61 F.3d 1290, 1298–99 (7th Cir. 1995). In order to demonstrate that trial counsel's failure to consult with or call an expert constituted deficient performance, a movant must demonstrate that "an expert capable of supporting the defense was reasonably available at the time of trial." *Ellison v. Acevado*, 593 F.3d 625, 634 (7th Cir. 2010). A movant's speculation regarding the testimony of an unnamed expert witness is not sufficient to raise an ineffective-assistance-of-counsel claim. *Anderson*, 61 F.3d at 1298-99. Instead, a movant must put forward sufficiently precise information about the nature of the expert's testimony and the reason it would have made a difference. *Id.*

*United States v. Royal*, No. 08 C 5541, 2012 WL 1520820, at *5 (N.D. Ill. Apr. 30, 2012). Lawrence fails to point to any specific facts supporting his contention that an expert was available to offer a rebuttal regarding the drug dog's certification or the expert's opinion that the currency contained traces of drug residue. Even if counsel was deficient in failing to offer such an expert, Lawrence has failed to establish a reasonable probability that but for counsel's failure to call a rebuttal expert, the result of the trial would have been different.

Moreover, in his affidavit attached to the government's response, defense counsel attests that he "decided as a tactical matter not to attempt to call a 'dog expert' because [he] didn't want to highlight what [he] perceived to be a weak issue and because [he] was able to obtain the necessary facts to support [the] defense by the cross examination of the government's expert." (Clancy Aff., Dkt. # 9-1, ¶ 4.) "So long as an attorney articulates a strategic reason for a decision that was sound at the time it was made, the decision generally 'cannot support a claim of ineffective assistance of counsel.'" *Lathrop*, 634 F.3d at 937. The Court finds no basis to second guess counsel's decision that a rebuttal expert would not have strengthened Lawrence's case.

Finally, Lawrence asserts that counsel was ineffective at sentencing for failing to argue that the Court did not consider or explain the sentencing factors set forth in 18 U.S.C. § 3553(a)

4

in imposing his term of supervised release. *See United States v. Kappes*, 782 F.3d 828, 847 (7th Cir. 2015) ("[A] sentencing judge must always adequately explain his or her choice as to the length of custody and supervised release, consistent with the relevant § 3553(a) factors."). Lawrence does not cite to any specific error, but generally contends that counsel's failure resulted in a violation of due process leading to a "potential" deprivation of liberty, as well as the loss of wages, opportunities and employment. (Pet'r's Mem. Support § 2255 Mot., Dkt. # 3, at 32-34.) Lawrence's argument in this regard fails.

At sentencing, the Court indicated that it had considered all of the submissions on the issue of sentencing, set forth Lawrence's criminal history in detail, noted that Lawrence had been given several opportunities to rehabilitate himself and had failed to do so, and that the need to protect the public was a priority in this case given Lawrence's criminal history and the offenses at issue. The Court further noted its awareness of the "possibility for an unjust determination" of imprisonment based on the career offender statute "if [it] is applied and followed in sentencing technically without regard for the nuances and differences in the backgrounds and criminal histories of different defendants." (8/22/13 Sentencing Tr., *United States v. Lawrence*, 11 CR 396, Dkt. # 102, at 9-12.) After considering all of the sentencing factors, the Court sentenced Lawrence to a term of 262 months imprisonment with a term of supervised release of five years, which was at the bottom of the applicable sentencing range. As the Seventh Circuit recently noted, "a district court need only provide one overarching explanation and justification—tethered, of course, to the § 3553(a) factors—for why it thinks a criminal sentence comprised of both terms of imprisonment and supervised release is appropriate." *United States v. Bloch*, 825 F.3d 862, 870 (7th Cir. 2016). The Court did exactly that in this case; therefore, Lawrence's claim alleging ineffective assistance of counsel regarding his term of supervised release is denied.

For the reasons stated above, Lawrence's motion under 28 U.S.C. § 2255 [1] is denied. Moreover, a habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, the petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id*. (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). As to Lawrence's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right or that the petition should have been resolved in a different manner. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c). Civil case terminated.

**Date:** December 20, 2016

_____
**Ronald A. Guzmán**
**United States District Judge**